# In the United States District Court for the District of Minnesota

### Civil Division

RECEIVED

MAY 8 2024

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

Plaintiffs

Karl Auleciems,
Susanne Auleciems

**V.**

Defendants

Township Of West Lakeland MN,
Washington County Minnesota,
Dan Kyllo Councilman Of West Lakeland MN in his official and individual capacity,
Dave Schultz Councilman Of West Lakeland MN in his official and individual capacity,
Marion Appelt Councilman Of West Lakeland MN in her official and individual capacity,
Viet Winch Winchell West Lakeland Attorney in her  official and individual capacity,
Galowitz Olson PLLC Lake Elmo MN,
Dan Starry Washington County Sheriff in his official and individual capacity,
10th Judicial District of Minnesota, Chief Judge Stoney L Hiljus in his official and individual capacity,
John Hoffman, Minnesota Judge Tenth Judicial District of Minnesota retired in his official and individual capacity,
Helen Mass Minnesota Judge Tenth Judicial District of Minnesota in her official and individual capacity,
Susan Miles Minnesota Judge Tenth Judicial District of Minnesota in his official and individual capacity retired,
Juanita Freeman Minnesota Judge Tenth Judicial District of Minnesota in her official and individual capacity,
Minnesota Department of Revenue,
Paul Marquart Minnesota Department of Revenue in her official and individual capacity,
Kathy Boyko Minnesota Department of Revenue in her official and individual capacity,

Case Number: 24-cv-1661 (KMM/DJF)

Jury Trial : Yes

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**

SCANNED

MAY 0 7 2024

U.S. DISTRICT COURT ST. PAUL

## Introduction

This is an action brought under 42 U.S.C. §1983 and the laws of the State of Minnesota to hold the Township of West Lakeland, its officers and officials, The County of Washington in Minnesota, The Washington County Sheriff,  The Tenth Judicial District of Minnesota with its chief judge and associate judges, accountable for their unreasonable, unlawful, malicious violations of the Plaintiff's constitutional rights.

The Plaintiff now turns to this Honorable Court in pursuit of justice.

## JURISDICTION AND VENUE

1. This Complaint seeks remedies pursuant to 42 U.S.C. §§1983 and 1988, alleging violations of the First, Second, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, as well as the laws of the State of Minnesota.

2. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C §§1331,1343, and 1367.

3. Venue is proper before this Honorable Court pursuant to 28 U.S.C. §1391(b).

## PARTIES

4. The Plaintiffs, Karl Auleciems and Susanne Auleciems (the "Plaintiff"), is a resident of Washington  County, and at all times relevant hereto, resided in the Township of West Lakeland, Minnesota.

5. Defendant Township Of West Lakeland MN is an incorporated township in the state of Minnesota.

6. Defendant Washington County MN is a county in the state of Minnesota.

7. Defendant Dan Starry Washington County Sheriff in the state of Minnesota.

8. Defendant The Tenth Judicial District is a judicial entity in Minnesota

9. Defendant Stoney Hiljus is the chief judge of the Tenth Judicial District in Minnesota

10. Defendant John Hoffman, is a retired Minnesota Tenth Judicial District judge

11. Defendant Susan Miles, is a retired Minnesota Tenth Judicial District judge

12. Defendant Helen Maas, is a current Minnesota Tenth Judicial District judge

13. Defendant Junita Freeman, is a current Minnesota Tenth Judicial District judge

14. Defendant Galowitz Olson PLLC is a law firm in Minnesota

15. Defendant Dan Kyllo was a Councilman Of West Lakeland MN at the time of the torts. He is sued in his official capacity and individually.

16. Defendant Dave Schultz was a Councilman Of West Lakeland MN at the time of the torts.He is sued in his official capacity and individually.

17. Defendant Marian Appult was a Councilman Of West Lakeland MN at the time of the torts. She is sued in her official capacity and individually.

18. Defendant Viet Hanh Winchell is an attorney for West Lakeland MN at the time of the torts. She is sued in her official capacity and individually.

19. Defendant Minnesota Department of Revenue is a government agency in Minnesota,

20. Defendant Paul Marquart is the commissioner of the Minnesota Department of Revenue in his official and individual capacity,

21. Defendant Kathy Boyko is an investigator for the Minnesota Department of Revenue in her official and individual capacity

## FACTS

22. The plaintiffs, Karl and Susanne Auleciems, are average everyday people who raised 4 wonderful children in the Stillwater area of Minnesota for the last 25 years. Of the 4 children, one son attended and graduated from the United States Air Force Academy and is now a second lieutenant in the United States Air Force, one son is currently attending the United States Air Force Academy about to graduate in June of 2023, One son currently attending the United States Military Academy at West Point, and the 4th is an honors nursing student at the University of Minnesota. Susanne Auleciems works for 3M and Karl Auleciems is a real estate investor.

23. Over the last 6 years, the defendants have repeatedly violated Minnesota law, The Minnesota State Constitution, and the Auleciems federal constitutionally protected rights to privacy, due process, equal protection under the law, unlawful deprivation of liberty, freedom of speech, assembly with other people, and unlawful search and seizure, all to try and make the Auleciems stop having guests over at their home, stop burning brush, stop removing snow from the street in front of their home, and to stop target shooting in the back of their property. The Auleciems were targeted by the defendants because Mr. Auleciems was a pro se litigant and because the Auleciems stood up for their property and constitutional rights.

24. The beginning of the defendants violations of the Auleciems civil rights began when in 2017, the tenth judicial district of Minnesota judge Susan Miles imposed a free speech prior restraint injunction on the Auleciems free speech rights in a civil case between Karl Auleciems and Edina Realty. That prior restraint injunction is still in place today.  In 2011, the Auleciems used Edina

Realty to sell one of their properties. The Edina Realty agent the Auleciems used turned out to be a convicted felon who botched the sale of their home, attacked Mr. Auleciems in a parking lot, and vandalized the Auleciems property. Mr. Auleciems found that Edina Realty knew it would hire convicted criminals as agents and not disclose that important fact to its clients. Mr. Auleciems voiced and published his experience with using the Edina Realty agent  and the findings about how Edina Realty does business. Instead of compensating the Auleciems for the negligent performance and criminal activity of its agent, Edina Realty sued Mr. Auleciems. In that case, The Tenth Judicial District of Minnesota Judge Susan Miles imposed a prior restraint on the Auleciems free speech rights about Edina Realty, even though Mrs Auleciems and the other citizens in the injunction were not parties to the lawsuit. This prior restraint injunction violated the Auleciems constitutional free speech rights.

25. The Auleciems own 4 acres in West Lakeland Township Minnesota and built a home on the property in 2012. It is a gated property with no trespassing signs at the front of the gate.

26. The Auleciems live at the end of a cul de sac. In 2018, The West lakeland Township was doing such a terrible job at snow removal from the Auleciems cul de sac that Mr. Auleciems used his bobcat skid-steer machine with a snow blade to remove snow from his cul-de-sac so that he and his family could properly come and go from his property. The township and Washington county then charged Mr. Auleciems with a Misdemeanor crime for removing snow from his cul-de sac under a statute used to prevent farmers from planting crops in the road right of way, a flagrant violation of Mr. Auleciems due process and equal protection rights. Other citizens remove snow from their street and don't get charged with a "planting a crop in the road right of way" crime for doing so.

27. During this time, starting June of 2018, the Washington county sheriff's department was called to the Auleciems property 32 times for burning brush, removing snow from the street in front of their home, having guests over to their home, and for target shooting in the back of the property. Washington county and West Lakeland Township were now engaging in a strategy of harassment of the Auleciems. The relationship between The Auleciems and government officials became personal to the point that government officials were now harassing the Auleciems for legal activities on their property, simply because The Auleciems were exercising their lawful property activities and rights. Washington county sheriff deputies were coming through the Auleciems closed gate without permission, thus violating the Auleciems curtilage starting at the property gate and thus violating the Auleciems privacy rights.

28. The Auleciems home is a beautiful home that others wish to utilize for their family get togethers and reunions. So Mr. Auleciemss created an LLC to handle the leasing of the property and the

Auleciems leased their home to guests for family get-togethers in the summer of 2018. Mr. Auleciems verified that there were no statutes preventing him from leasing his home while the Auleciems lived in the home. However, The township of West Lakeland MN sued the Auleciems in Minnesota civil court claiming that the Auleciems were leasing their home illegally. West Lakeland Township claimed the plaintiffs leasing their home was "commercial activity" and that commercial activity in a residential zoned area is a violation of the township zoning code. In response to the suit, The Minnesota Tenth District court judge John Hoffman issued a restraining order against the Auleciems to prevent the Auleciems from advertising their home for lease in any way and also preventing the Auleciems from leasing their home in any way. In Judge Hoffman's orders, the judge said that The Washington County Sheriff could enter the Auleciems property at will and remove inhabitants if they so choose to enforce the court's injunction against the plaintiffs leasing their home. The Washington County Sheriff entered the Auleciems's property on many occasions without a search warrant, permission, or probable cause. The plaintiffs have a gated access to their property with a call button, and no trespassing signs at the gate. Leasing one's property is a common law property right that Judge Hoffman unlawfully removed from The Auleciems thus violating the Auleciems due process and equal protection constitutional rights. Other West Lakeland residents did not have a restraining against them preventing them from leasing their property. A good example is that the Township thought The Auleciems were constantly speeding down Elm street, so Judge Hoffman created a civil injunction preventing the Auleciems from even using Elm street, but yet other citizens could use Elm street. Judge Hoffman and the Township did this because there was no criminal code that existed for renting one's home. By creating a civil injunction against the Auleciems, Judge Hoffman tried to create criminal law and use the civil injunction to punish past performance of a civil injunction. Minnesota law and case law clearly states that a civil injunction cannot be used to punish past non performance.

29. It was during this time that an arrogant and busy body neighbors Greg and Sylvia Zinn who are ambulance chasing personal injury lawyers started to trespass on the Auleciems property and harass the Auleciems by calling the Washington County sheriff on the Auleciems for removing snow, burning brush, and having guests at their home. The Auleciems filed a restraining order petition with the tenth judicial district, judge Helen Maas. Judge Maas never heard or processed their restraining order petition on the neighbor, thus violating the Auleciems due process rights.

30. The district court judge Hoffman then ordered the jailing, yes jailing of the Auleciems for allegedly violating the civil injunction in the past and also ordered the plaintiffs to pay $250,000 in fines  for leasing their home, all which are a violation of state law and the plaintiffs state and

federal constitutional due process rights. Judge Hoffman held the Auleciems in the Washington county jail until the Auleciems signed an unlawful mortgage and promissory note against their will on their property to pay the unlawful arbitrary $ 250,000 fines Hoffman imposed on the Auleciems.  Civil contempt law in Minnesota says that you cannot punish alleged past non performance and a series of hearings must be held called Mahady hearings to get to a point where a judge can lawfully jail an alleged civil contemnor.  This judge arbitrarily came up with capricious penalties against the Auleciems. A Minnesota district court judge cannot order a citizen to sign a mortgage and promissory note under threat of confinement to pay arbitrary unlawful fines to punish alleged past non-performance of a civil order. This judge allowed hearsay evidence in contempt hearings, allowed the township "do-overs" when trying to punish the plaintiffs for alleged past non performance of a civil court order and arrested the Auleciems without due process outlined in Minnesota law for civil contempt proceedings. Minnesota law states that in civil contempt procedures, the accused contemnor must be afforded a process before confinement can be ordered and that a civil contemnor cannot be punished for past non performance. The problem for Judge Hoffman and the township is that when a guest left the Auleciems home, the Auleciems were back in compliance with Mr. Hoffman's illegal civil order. So the only way Hoffman and the township could try to enforce the unconstitutional injunction against leasing their property was to violate Minnesota law and violate The Auleciems constitutional rights.

31. Judge Hoffamn had a bias against the Auleciems and such usurped Minnesota and Federal law by trying to punish the plaintiffs for alleged past non performance of his civil court orders not to lease their home or advertise it for rent on the internet. As a result, the plaintiffs constitutional rights to privacy, due process, equal protection under the law, unlawful deprivation of liberty, freedom of speech, assembly with other people, and unlawful search and seizure were violated by the defendants in one way or another.

32. The state district judge issued injunctions against the Auleciems to prevent them from leasing and advertising their home for lease that did not apply to other Minnesota and West Lakeland residents  thus violating the Auleciems rights to equal protection under the law and causing damages. This judge prevented the plaintiffs from publishing information on a website thus violating the plaintiffs free speech rights. This judge prevented people from gathering at the plaintiffs property thus violating the plaintiffs rights to free assembly. This judge arrested and jailed the Auleciems for alleged past non performance of his civil orders in violation of state law thus depriving the plaintiffs of their liberty unlawfully. This judge held the Auleciems in jail until the Auleciems signed against their will a mortgage and promissory note for $ 250,000 that was

unlawful. This unlawful jailing of the Auleciems occurred during the height in CoVID putting the Auleciems at risk of contracting this dreadful disease. This judge also violated Governor Tim Walz's stay at home covid orders in jailing the Auleciems and forcing them to sign an unlawful mortgage and promissory note and pursuing his unlawful contempt orders on the Auleciems.

33. In violation of Minnesota general law and contempt law, Hoffman had the Auleciems arrested and forced the Auleciems to sign a mortgage on their home in jail for the unlawful fines Hoffman imposed on the Auleciems. This jailing by Hoffman occurred during stay at home orders issued by the Governor of Minnesota thus putting the Auleciems at risk to contract COVID 19.

34. The Auleciems appealed to the Minnesota Court of Appeals Judge Hoffman's rulings and won. The Mn Court of Appeals reversed and remanded Mr. Hoffman's unlawful contempt orders for large fines and jail for the Auleciems simply hosting guests at the home stating that Mr. Hoffman's orders were unlawful. Mr. Hoffman retired after the appeals court reversed and remanded his unlawful orders. The case was then assigned to Judge Juanita Freeman. The Auleciems made motions to judge Freeman that judge freeman never ruled on and simply ignored thus violating the Auleciems due process rights. Judge Freeman developed a biased against the Auleciems because Mr. Auleciems was a pro se litigant and because Mr. Auleciems would dare to question her.

35. Then after losing the appeal in a desperate attempt to try and get the Auleciems in this twisted now turned personal matter, Judge Hoffman, Washington county, Viet Winchell the hired lawyer for West Lakeland Township and The West lakeland Township board referred the renting activity to the Minnesota Department of Revenue to try and dig up some violations by the Auleciems of Minnesota Tax law. Then without any probable cause, Mr. Hoffman signed an unconstitutional, non specific, general search all search warrant for the Minnesota Department of Revenue to search the entire property of the Auleciems. 12 people with long guns and dogs searched the entire home of the Auleciems, the Auleciems vehicles, removing all of the Auleciems electronics, the home's barbecue, the children's dresser and underwear and recreational vehicle. All a violation of the Auleciems 4th amendment rights against a general search all search warrant.

36. Then without even doing an audit or not allowing the Auleciems to challenge any new tax liability as is required by Minnesota law, the Minnesota Department of Revenue published untrue tax facts about the Auleciems and called the Auleciems "tax cheats" on its website. The Minnesota Department of Revenue accused the Auleciems of Tax crimes on its website. A flagrant violation of Minnesota State law and due process which allows a citizen to challenge any new tax liability to the Minnesota Tax Court before a new tax liability determination of the Department can become final. The Minnesota Department of Revenue didn't even bother to audit

the Auleciems. The Minnesota Department of Revenue's investigation of the Auleciems without an audit showed obvious errors and omissions and showed missing import financial information, mainly that the Auleciems have seven figure carryforward losses to offset future income. Without doing a complete investigation and auditing the Auleciems, it showed the Mn Depart of Revenue's accusations were wrong and would have been cleared up in an audit. The Auleciems have 1.3 million dollars in carry over losses from prior years that the department of revenue didn't even bother to find out in an audit. The truth is that the Auleciems are owed a refund from the state of Minnesota.

37. The Washington County attorney then charged Mr. Auleciems with 78 tax crimes all without following due and fair process. By Minnesota law, Mr. Auleciems is allowed to contest MN Department of Revenue tax liabilities and tax findings in the Minnesota Tax Court before the Department of Revenue can claim any new tax liability and therefore any possible criminal tax charges . The Department of Revenue never conducted an audit of the Auleciems. The truth shows that the Auleciems are owed a refund by the Minnesota department of revenue. They charged Mr. Auleciems with not paying sales tax when Minnesota law states that the Auleciems don't need to collect sales tax for their occasional and infrequent renting of their home.

38. The Washington County attorney also charged Mr. Auleciems with theft by swindle for not returning some security deposits when they rented their home. Again a violation of due process of law. Not returning a security deposit is not theft by swindle in Minnesota and the contract the LLC had guests sign states that the security deposit can be withheld for damages to the property and/or not following the property rules. Viet Winh the West Lakeland attorney, The West Lakeland board, Kathy Boyko of the Minnesota Department of Revenue, and The Washington county attorney then referred all of this to Mary Devine of the pioneer press newspaper which then published a defamatory untrue article about the Auleciems damaging the Auleciems reputation in the community.

39. *All these facts showed an obvious attempt to violate the Auleciems civil rights in order to try and "get" the Auleciems when the Auleciems were simply having guests over at their home, removing snow from the street in front of their home, burning brush, and shooting firemans on their property. The Auleciems violated no state or federal laws by simply having guests over at their home, removing snow from the street in front of their home, burning brush, and shooting firemans on their property. The facts show it was the defendants who violated state law and federal law to simply try and get the Auleciems for enjoying the property rights of their home. A scary story when government actors will trip all over themselves and violate a citizen's civil*

*constitutional rights and then publish untrue and defamatory information in newspapers and websites.*

40. Plaintiffs now ask this federal district court to issue an injunction against said defendants to stop the violations of the plaintiff's constitutional rights, and to award compensatory and punitive damages to the plaintiffs in the amount of $100,000,000 (one hundred million dollars). The Auleciems have suffered numerous damages, including lost rental income for years and the damage to the Auleciems reputation by publishing false information about the Auleciems on websites and in newspapers. A strong punitive message needs to be sent to these government actors that you can't walk all over a citizen's civil rights to try and get them for enjoying lawful property rights at their home.

## CLAIMS FOR DAMAGES AND RELIEF

### COUNT 1

### 42 U.S.C. §1983- Prior Restraint of Free Speech Rights in Violation of First Amendment of the United States Constitution.
*(Defendants Washington County Minnesota, Tenth Judicial District of Minnesota, Judge Susan Miles of the Tenth Judicial District)*

41. State District court judge Susan Miles created a prior restraint free speech injunction against the Auleciems' preventing them from saying anything about Edina Realty, a Minnesota Corporation. A gross violation of the Auleciems' free speech rights guaranteed in the state and federal constitutions. Minnesota Case number 82-CV-21-3864.

42. The Supreme Court of the United States (SCOTUS) has repeatedly said prior restraint free speech injunctions are unconstitutional. The plaintiffs ask for an immediate injunction against Mile's prior restraint free speech injunction against the Auleciems.

### COUNT 2 and COUNT 3

### 42 U.S.C. §1983- Due Process and Equal Protection Rights in Violation of Fifth and Fourteenth Amendment of the United States Constitution.)
*(Defendants Washington County Minnesota, Tenth Judicial District of Minnesota, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

43. Karl Auleciems was charged on two separate occasions for removing snow from the street in front of his home. Yes, Mr. Auleciems was charged with removing snow from the road in front of his home under a state law that prevents farmers from planting crops in the road right of way. A blatant example of how the defendants violated the Auleciems equal protection and due process rights. A crime for removing snow in the street in front of his home? Other citizens have never been charged with removing snow from the street in front of their house to get out. A shameful act of the defendants.

## COUNT 4

**42 U.S.C. §1983- Due Process and Equal Protection Rights in Violation of Fifth and Fourteenth Amendment of the United States Constitution.)**
*(Defendants Washington County Minnesota, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township, Dan Kyllo-West Lakeland Township Board member, Dave Schultz -West Lakeland Township Board member, Marion Appelt-West Lakeland Township Board member)*

44. Averments and facts from other counts are included with this count

45. The Auleciems were denied brush burning rights as defined by Minnesota law by the West Lakeland Board in June of 2018. The West Lakeland board took it upon themselves to deny the issuance of a burning permit to the Auleciems, yet other citizens of West Lakeland could get a burning permit from the township. The Auleciems were forced to go to the Bayport fire chief and get a burning permit.

## COUNT 5

**42 U.S.C. §1983- Equal Protection Rights in Violation of Fourteenth Amendment of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township, Dan Kyllo-West Lakeland Township Board member, Dave Schultz -West Lakeland Township Board member, Marion Appelt-West Lakeland Township Board member)*

46. Averments and facts from other counts are included with this count

47. The Auleciems were harassed by the Township and Washington county for legal activities. The Auleciems had permits to burn brush. Snow removal from the road in front of their home is not illegal, having guests at their home is not illegal, and target shooting on acreage property in West

Lakeland township is not illegal. Police have been to the Auleciems property 30 times in the last 6 years for burning brush, plowing snow, having guests over at their home, and for target shooting on his property.

## COUNT 6

### 42 U.S.C. §1983- Right to Bear Arms in Violation of Second Amendment of the United States Constitution.)

*(Dan Starry Washington County Minnesota Sheriff, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

48. Averments and facts from other counts are included with this count
49. In April of 2019, Karl Auleciems was told by Deputy Gribbel of the Washington County Sheriff's Department to stop discharging firearms on his property. The Auleciems have 4 acres and satisfy West Lakeland Township requirements in statute to discharge firearms on their property.

## COUNT 7

### 42 U.S.C. §1983- Equal Protection Rights and Privacy in Violation of the First and Fourteenth Amendments of the United States Constitution.)

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

50. Averments and facts from other counts are included with this count
51. John Hoffman of the Tenth Judicial district created unlawful injunctions preventing the Auleciems from renting and advertising for rent their home and allowing the sheriff to enter the Auleciems property at will to verify if the Auleciems are renting their home. These injunctions are unconstitutional. The defendants created an injunction which prevents the Auleciems from any renting of their property at all and prevent the Auleciems from advertising for rent their property at all. Yet other Minnesota and West Lakeland township citizens can rent and advertise for rent their property. The Auleciems request that the federal district court issue a preliminary injunction against the injunction imposed on the Auleciems which prevents them from renting

their property and advertising for rent their property. The Auleciems want the state district court injunctions imposed on them be declared as an unconstitutional violation of the equal protection clause. A government body, in this case a township, cannot have an injunction against just one citizen. It must apply to all citizens. It is not unlawful to advertise for rent one's property in Minnesota. If a government body wishes to outlaw an activity, it must create a law to do so, not create an injunction to prevent a single citizen from the activity and then assign arbitrary and capricious fines and apply the prosecution costs to the citizen in violation of Minnesota civil contempt law.

52. These injunctions also allow the sheriff to enter the Auleciems property without a warrant, permission or probable cause that a crime is being committed, all violating the Auleciems right to privacy. Minnesota case number is 82-CV-18-2962.

## COUNT 8

**42 U.S.C. §1983- Equal Protection Rights and Privacy in Violation of Fourteenth and First Amendments of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

53. Averments and facts from other counts are included with this count

54. The Tenth District Judge John Hoffman ordered an injunction preventing the Auleciems from advertising their home and property for rent. See count 6. It is not unlawful to advertise for rent your property in the State of Minnesota. Minnesota case number is 82-CV-18-2962

## COUNT 9

**42 U.S.C. §1983- Due Process and Equal Protection Rights in Violation of Fifth and Fourteenth Amendment of the United States Constitution.)**
## (Preliminary and Permanent injunction)

55. Averments and facts from other counts are included with this count

56. The Auleciems request a preliminary and permanent injunction of the injunctions imposed on them by the state district court which prevents them from renting and advertising for rent their

home and which allows the sheriff to enter their property at will without a warrant, permission or probable cause that a crime is being committed. Case number is 82-CV-18-2962

## COUNT 10

### 42 U.S.C. §1983- Privacy right in Violation of the First Amendment of the United States Constitution.)

*(Washington County Minnesota, Dan Starry Washington County Sheriff,Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

57. Averments and facts from other counts are included with this count

58. Incident 1 in July of 2018 of the Washington County Sheriff coming onto the Auleciems property without permission, a warrant, or probable cause violating the Auleciems privacy rights. Unlawful order from Mr. Hoffman allowing the Sheriff to enter the Auleciems property at will and without a warrant. Minnesota case number is 82-CV-18-2962

## COUNT 11

### 42 U.S.C. §1983- Privacy right in Violation of the First Amendment of the United States Constitution.)

*(Washington County Minnesota, Dan Starry Washington County Sheriff,Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

59. Averments and facts from other counts are included with this count

60. Incident 2 in July of 2018 of the Washington County Sheriff coming onto the Auleciems property without permission, a warrant, or probable cause violating the Auleciems privacy rights. Unlawful order from Mr. Hoffman allowing the Sheriff to enter the Auleciems property at will and without a warrant. Minnesota case number is 82-CV-18-2962

## COUNT 12

**42 U.S.C. §1983– Privacy right in Violation of the First Amendment of the United States Constitution.)**

*(Washington County Minnesota, Dan Starry Washington County Sheriff,Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

61. Averments and facts from other counts are included with this count

62. Incident 3 June of 2018 of Sheriff coming onto the Auleciems property without permission, a warrant, or probable cause violating the Auleciems privacy rights. Unlawful order from Mr. Hoffman allowing the Sheriff to enter the Auleciems property at will and without a warrant. Minnesota case number is 82-CV-18-2962

## COUNT 13

**42 U.S.C. §1983– Privacy right in Violation of the First Amendment of the United States Constitution.)**

*(Washington County Minnesota, Dan Starry Washington County Sheriff,Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

63. Averments and facts from other counts are included with this count

64. Incident 4 in July of 2018 of the Washington County Sheriff coming onto the Auleciems property without permission, a warrant, or probable cause violating the Auleciems privacy rights. Unlawful order from Mr. Hoffman allowing the Sheriff to enter the Auleciems property at will and without a warrant. Minnesota case number is 82-CV-18-2962

## COUNT 14

**42 U.S.C. §1983– Privacy right in Violation of the First Amendment of the United States Constitution.)**

*(Washington County Minnesota, Dan Starry Washington County Sheriff,Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

65. Averments and facts from other counts are included with this count
66. Incident 5 in July of 2018 of the Washington County Sheriff coming onto the Auleciems property without permission, a warrant, or probable cause violating the Auleciems privacy rights. Unlawful order from Mr. Hoffman allowing the Sheriff to enter the Auleciems property at will and without a warrant. Minnesota case number is 82-CV-18-2962

## COUNT 15

**42 U.S.C. §1983– Due Process right  in Violation of the Fourteenth Amendment of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

67. Averments and facts from other counts are included with this count
68. Tenth District Judge Hoffman unlawful contempt order to assess $250,000 fines and jail time for alleged past non compliance of civil order to not rent the Auleciems home or advertise for rent their home. This order was later reversed by the Minnesota Court of Appeals. Minnesota case number is 82-CV-18-2962

## COUNT 16

**42 U.S.C. §1983– Excessive Fines, Cruel and Unusual Punishment, and Equal Protection Rights in Violation of Fourteenth Amendment of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

69. Averments and facts from other counts are included with this count

70. Tenth District Judge Hoffman unlawful contempt order to assess arbitrary and capricious $250,000 fines and jail time is cruel and unusual punishment for having guests at your home. It also is an excessive fine outlawed in the constitution. Minnesota case number is 82-CV-18-2962

## COUNT 17

### 42 U.S.C. §1983– Due Process and Equal Protection Rights in Violation of Fifth, Fourteenth Amendments of the United States Constitution.)

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township, Dan Kyllo-West Lakeland Township Board member, Dave Schultz -West Lakeland Township Board member, Marion Appelt-West Lakeland Township Board member)*

71. Averments and facts from other counts are included with this count
72. Tenth District Judge Hoffman unlawful order to force Auleciems to sign a mortgage to West Lakeland Township in jail  for $250,000 fines that was reversed and remanded from the Minnesota Court of Appeals. Minnesota case number is 82-CV-18-2962

## COUNT 18

### 42 U.S.C. §1983– Equal Protection, Due Process, and Unlawful Deprivation of Liberty Rights in Violation of Fifth and Fourteenth Amendment of the United States Constitution.)

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township, Dan Kyllo-West Lakeland Township Board member, Dave Schultz -West Lakeland Township Board member, Marion Appelt-West Lakeland Township Board member)*

73. Averments and facts from other counts are included with this count
74. Tenth District Judge Hoffman issued an unlawful order to arrest the Auleciems and hold them hostage until they sign an unlawful mortgage to West Lakeland Township for $250,000 in fines. This unlawful order was reversed by the Minnesota Court of Appeals. Minnesota case number is 82-CV-18-2962

## COUNT 19

**42 U.S.C. §1983– Deprivation of Liberty without due process in Violation of Fifth and Fourteenth Amendment of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

75. Averments and facts from other counts are included with this count

76. The Auleciems were arrested and forced to sign a mortgage to West Lakeland Township for $250,000 fines that was later reversed by the Minnesota Court of Appeals. A violation of Minnesota civil contempt law and a violation of the Auleciems due process rights. Case number is 82-CV-18-2962

## COUNT 20

**42 U.S.C. §1983– Due Process and Equal Protection Rights in Violation of Fifth, Fourteenth Amendments of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

77. Averments and facts from other counts are included with this count

78. The Auleciems were arrested and forced to sign a mortgage to West Lakeland Township for $200,000 fines that was later reversed by the Minnesota Court of Appeals. A violation of Minnesota civil contempt law and a violation of the Auleciems due process rights. This arrest and forced signature of an unlawful mortgage occurred during Governor Tim Walz's stay at home COVID 19 orders. While jails were being emptied due to COVID 19, defendant's wanted to maliciously punish the Auleciems with exposure to COVID19 in jail  in violation of state executive orders. Minnesota case number is 82-CV-18-2962

## COUNT 21

**42 U.S.C. §1983– Privacy and Illegal Search and Seizure in Violation of First and Fourth Amendments of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, Minnesota Department of Revenue, Kathy Boyko of the MN Department of Revenue,West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

79. Averments and facts from other counts are included with this count

80. The Auleciems home was searched and property seized when there was no probable cause to search the Auleciems home and the warrant itself had no specificity to what was to be searched. It was a "search everything warrant" signed by Mr. Hoffman. Officers with long guns search cars, an RV, in dresser drawers, in the Auleciems safe, and all over the Auleciems property. All a violation of the 4th amendment. Minnesota case number is 82-CR-21-2951

## COUNT 22

**42 U.S.C. §1983– (Right to Petition The Government to Redress Grievances and equal protection in Violation of the First and Fourteenth Amendments of the United States Constitution.)**

*(Washington County Minnesota, Helen Maas Tenth Judicial District of Minnesota)*

81. Averments and facts from other counts are included with this count

82. Case in the 10th judicial district of Minnesota where the plaintiffs petitioned the 10th Judicial district of Minnesota for a restraining order against the neighbors Gregory and Sylvia Zinn that were and are continuing to harass them. The plaintiffs filed the harassment paperwork, paid the fee and the case was assigned to 10th judicial district judge Helen Maas. Judge Maas. The harassment case was never adjudicated by judge Maas and the harassment by Greg and Sylvia Zinn continue to this day. A violation of the equal protection and due process clauses.

## COUNTS 23-97

**42 U.S.C. §1983– Due Process and Equal Protection right  in Violation of the Fifth and Fourteenth Amendments of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, Minnesota Department of Revenue, Kathy Boyko of the MN Department of Revenue,West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

83. Averments and facts from other counts are included with this count

84. Karl Auleciems was charged with 75 counts of sales and income tax crimes when Karl Auleciems was not given the lawful right outlined in Minnesota Law to contest MN Dept of Revenue New determined tax liability that suffered from the Auleciems filed tax returns.Minnesota law states that the Minnesota Tax Court has jurisdiction to determine tax law and facts and to adjudicate tax liability disputes between the department of revenue and the Auleciems. The Minnesota Department of Revenue did a sloppy and incomplete investigation and didn't even audit the Auleciems. The investigator Kathy Boyko ignored information on tax returns declaring carryforward losses enabling the Auleciems to reduce future income. Kathy Boyko double counted income and counted as income invoices that were never paid. The truth is the Auleciems are owed a Minnesota Income Tax refund, and don't have to collect sales tax for the occasional renting of their home. Minnesota case number is 82-CR-21-2951.

## COUNT 98

**42 U.S.C. §1983– Due Process and Equal Protection right  in Violation of the Fifth and Fourteenth Amendments of the United States Constitution.)**

*(Washington County Minnesota, Tenth Judicial District of Minnesota, Judge John Hoffman of the Tenth Judicial District, Minnesota Department of Revenue, Kathy Boyko of the MN Department of Revenue,West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

85. Averments and facts from other counts are included with this count

86. Karl Auleciems was charged with theft by swindle for not returning some security deposits when the Auleciems rented their home. Minnesota law 504B clearly states that not returning a security

deposit when renting a property is not theft by swindle it is a civil matter. The contract signed by guests allowed the security deposit to be kept by the plaintiff for damage to the property or not following the rules of the contract. Minnesota case number is 82-CR-21-2951

## COUNT 99

**(Defamation 42 U.S.C. §1983– Due Process and Equal Protection right  in Violation of the Fifth and Fourteenth Amendments of the United States Constitution.)**
*(Washington County Minnesota, Minnesota Department of Revenue, Kathy Boyko of the MN Department of Revenue,West Lakeland Township, Viet Winchell-attorney for West Lakeland Township,Dan Kyllo-West Lakeland Township Board member,Dave Schultz -West Lakeland Township Board member,Marion Appelt-West Lakeland Township Board member)*

87. Averments and facts from other counts are included with this count

88. The Auleciems are not public figures. Therefore, the Auleciems need to show simple negligence in the defendants publishing false and defaming information about the Auleciems. The Auleciems don't have to show malice in addition to the false information because the Auleciems are not public figures.

89. The false and incorrect tax information was published on the MN Department  of Revenue's website accusing The Auleciems of being tax cheats and owing hundreds of thousands of dollars in income tax and sales tax. Accusations were made that the Auleciems collected and didn't remit sales tax. Mary Devine Published this false information in the pioneer press and called the Auleciems "VRBO Scammers". The truth is The Auleciems were never audited and are owed a refund from the state of Minnesota. Minnesota law states that occasional use does not require collecting sales tax. The Auleciems have 1.3 million dollars in offsets to income and the MN Department of Revenue never audited the Auleciems. The Auleciems had guests at their home sign contracts that allowed the holding of security deposits if the Guest damages the property or doesn't follow the rules outlined in the contract. The defendants defamed the Auleciems with conspiring to and publishing false information about the Auleciems and the Auleciems have suffered damages as a result.

90. The Minnesota Department of Revenue (DOR) did not follow Minnesota law and due process by publishing on its website that the Auleciems owed approx $200,000 in income taxes and $ 30,000 in sales tax. The Minnesota Department of Revenue was supposed to send the Auleciems an "order from the commissioner" of any new tax liability and then the Auleciems had the right to appeal to the Minnesota tax court. The negligence of the DOR was made worse by the fact that

the Auleciems were never audited and the truth shows that the Auleciems are owed a refund and Minnesota law says that you don't have to collect a sales tax when you engage in "occasional" renting of your home.

## COUNT 100

### (Intentional Infliction of Emotional Distress)

*(Township Of West Lakeland MN, Washington County Minnesota, Dan Kyllo Councilman Of West Lakeland MN, Dave Schultz Councilman Of West Lakeland MN, Marion Appult Councilman Of West Lakeland MN, Viet Winch Winchell West Lakeland Attorney, Galowitz Olson PLLC Lake Elmo MN, Dan Starry Washington County Sheriff, 10th Judicial District of Minnesota, Chief Judge Stoney L Hiljus, John Hoffman, Minnesota Judge Tenth Judicial District of Minnesota retired, Helen Mass Minnesota Judge Tenth Judicial District of Minnesota, Susan Miles Minnesota Judge Tenth Judicial District of Minnesota retired, Juanita Freeman Minnesota Judge Tenth Judicial District of Minnesota, Minnesota Department of Revenue, Kathy Boyko Minnesota Department of Revenue)*

91. Averments and facts from other counts are included with this count
92. The defendants knew that what they were doing was in violation of Minnesota law, The Minnesota State Constitution, and The Constitution of the United States. The defendants purposely inflicted emotional distress on the Auleciems causing damages.
The defendants developed a personal dislike for the Auleciems and violated a foundational tenet of the responsibilities of their jobs; To not allow personal biases and dislikes to influence their judgment. The defendants discriminated against the Auleciems because they were pro se litigants and because the defendants saw the Auleciems standing up for their rights as a challenge to their authority.

## COUNT 101

### 42 U.S.C. §1983- (Right to Petition The Government to Redress Grievances in Violation of the First Amendment of the United States Constitution.)

*(Washington County Minnesota, Juanita Freeman Tenth Judicial District of Minnesota)*

93. Averments and facts from other counts are included with this count
94. Case in the 10th judicial district of Minnesota where the plaintiffs daughter Estelle Auleciems was struck from behind in a car accident. Plaintiffs petitioned the tenth judicial district to be made whole from the damages caused by the other party. The tenth judicial district refused to allow the

plaintiffs to go through with the lawsuit to collect damages to their vehicle. The tenth judicial district claimed that the Auleciems claims were already heard and dismissed the claims via Res Judicata, but the facts show the Auleciems never filed a summons and complaint and never paid a filing fee for any prior action. Minnesota case 82-CV-22-2752

## COUNT 102

### 42 U.S.C. §1983- (Right to Bear Arms in Violation of the Second Amendment of the United States Constitution.)

*(Washington County Minnesota, Tenth Judicial District of Minnesota,)*

95. Averments and facts from other counts are included with this count
96. Washington County and the Tenth Judicial district of Minnesota has said that Karl and Susanne Auleciems cannot have any firearms in their home. Plain and simple a direct violation of the Auleciems right to protect themselves. The second amendment clearly states that each citizen has a right to bear arms and that right "shall not be infringed". Minnesota case number 82-CR-21-2951

## PRAYER FOR RELIEF AND DEMAND FOR JUDGEMENT

**WHEREFORE**, the Plaintiffs, Karl and Susanne Auleciems, demands judgment against the Defendants for:

a) Compensatory damages for all past and future economic losses and expenses incurred by the Plaintiff as a result of the Defendants' misconduct including lost rental income from the unlawful injunction preventing the plaintiffs from renting their home and advertising their home for rent;

b) General damages for all past and future physical pain, mental suffering, and emotional distress suffered by the Plaintiffs;

c) Punitive damages to the fullest extent permitted by law; Plaintiff realizes that the tenth judicial district enjoys immunity from punitive damages as determined by SCOTUS, but requests compensatory damages from the tenth judicial district and associate judges.

d) Pre-judgment and post-judgment interest;

e) Declare that the Defendants' acts, taken in their official capacities, as alleged above, violate the First, Second, Fourth, Fifth, Eighth and Fourth Amendment to the United States Constitution;

f) Immediately Enjoin the Tenth Judicial District of Minnesota from enforcing the injunctions preventing the plaintiffs from renting or advertising for rent their home.

g) Immediately Enjoin the Tenth Judicial District of Minnesota from enforcing the prior restraint free speech injunctions preventing the plaintiffs from speaking about Edina Realty.

g) Immediately Order the Tenth Judicial District of Minnesota to allow the plaintiffs to sue and petition the Tenth Judicial District of Minnesota to allow the plaintiffs to recover damages from a car accident that was previously dismissed by the Tenth Judicial District of Minnesota.

h) Enjoin Defendants from engaging in the unconstitutional conduct as outlined in the above counts

i) Order the Defendants to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein;

j) Costs incurred in this action and reasonable attorney fees under 42 U.S.C. §1988; and 42 U.S.C. §1983

k) Such other further specific and general relief as may become apparent from discovery as this matter matures for trial.

**THE PLAINTIFFS DEMAND A TRIAL BY JURY.**

Karl and Susanne Auleciems, By Pro Se
1505 Neal Ave Crt N
Lake Elmo, MN 55042
612-991-3990
karladvooz@gmail.com

5/1/2024

Karl Auleciems                    Susanne Auleciems