## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Karl Auleciems and Susanne Auleciems,

               Plaintiffs,

v.

Township of West Lakeland, MN;
Washington County Minnesota; Dan
Kyllo; Dave Schultz; Viet Hanh Winchell;
Galowitz Olson PLLC; Dan Starry; 10th
Judicial District of Minnesota; Stoney L.
Hiljus; John Hoffman; Susan Miles;
Juanita Freeman; Minnesota Department
of Revenue; Paul Marquart; Kathy Boyko;
Helen Maas; Marian Appelt;

               Defendants.

No. 24-cv-1661 (KMM/DJF)

**ORDER**

      Plaintiffs brought this action pursuant to 42 U.S.C. § 1983, alleging violations of their federal constitutional rights by several state and county officials, including Minnesota state court judges. The matter is before the Court on the following dispositive motions: (1) Defendant West Lakeland Township's Motion to Dismiss, ECF 4; (2) the State Defendants'[1] Motion to Dismiss, ECF 13; (3) Motion to Dismiss of Defendants Dan Kyllo and Viet-Hanh Winchell, ECF 31; and (4) Defendants' Washington County and Dan

---

[1] The State Defendants include Defendants 10th Judicial District of Minnesota, Minnesota Department of Revenue, Department of Revenue Commissioner Paul Marquart, Department of Revenue Investigator Kathy Boyko, and District Court Judges Stoney L. Hiljus, John Hoffman, Susan Miles, Juanita Freeman, and Helen Maas.

Starry's Motion to Dismiss, ECF 41. As explained below, the Defendants' motions are

granted, and this matter is dismissed.

## BACKGROUND

### I.    Plaintiffs' Complaint

Summarizing their claims, Plaintiffs allege the following:

> Over the last 6 years, the defendants have repeatedly violated
> Minnesota law, the Minnesota State Constitution, and the
> Auleciems federal constitutionally protected rights to privacy,
> due process, equal protection under the law, unlawful
> deprivation of liberty, freedom of speech, assembly with other
> people, and unlawful search and seizure, all to try and make
> the Auleciems stop having guests over at their home, stop
> burning brush, stop removing snow from the street in front of
> their homes, and to stop target shooting in the back of their
> property. The Auleciems were targeted by the defendants
> because Mr. Auleciems was a pro se litigant and because the
> Auleciems stood up for their property and constitutional rights.

Compl. ¶ 23, ECF 1. Plaintiffs' allegations concern the actions of state, county, and

municipal officials in connection with civil and criminal litigation in Minnesota state

courts.

In part, Plaintiffs claim their First Amendment rights were violated as a result of an

injunction imposed in a state court defamation case in which they were defendants.

Plaintiffs allege that in 2011, they used Edina Realty to sell one of their properties. *Id.* ¶ 24.

However, Edina Realty allegedly employed a real estate agent who was "a convicted felon

who botched the sale of their home, attacked Mr. Auleciems in a parking lot, and

vandalized the Auleciems property." *Id.* Mr. Auleciems "published his experience with

using the Edina Realty agent," but rather than "compensating the Auleciems for the

negligent performance and criminal activity of its agent, Edina Realty sued Mr. Auleciems." *Id.* In that suit, Washington County District Judge Susan Miles "imposed a free speech prior restraint injunction on the Auleciems free speech rights. . . ." *Id.*; *see also* ¶¶ 41–42 (referencing Minnesota case number 82-CV-21-3864).

Plaintiffs also allege a wide array of claims in connection with their use of their home in West Lakeland Township. Plaintiffs allege that they "own 4 acres in West Lakeland Township Minnesota and built a home on the property in 2012. It is a gated property with no trespassing signs at the front of the gate." *Id* ¶ 25. The home is in a cul-de-sac, and Plaintiffs allege that West Lakeland was doing a poor job clearing snow from the area outside their property. *Id.* Mr. Auleciems used a "bobcat skid-steer machine with a snow blade to remove snow from his cul-de-sac so that he and his family could properly come and go from his property." *Id.* As a result, "the township and Washington County then charged [him] with a Misdemeanor crime for removing snow . . . under a statute used to prevent farmers from planting crops in the road right of way. . . ." *Id.* Plaintiffs allege this violated Mr. Auleciems' rights of due process and equal protection. *Id.*

Starting in June of 2018, "the Washington County Sheriff's Department was called to the Auleciems property 32 times for burning brush, removing snow from the street in front of their home, having guests over to their home, and for target shooting in the back of the property." *Id.* ¶ 27. Plaintiffs allege that county and municipal officials "were now engaging in a strategy of harassment of the Auleciems." *Id.* Washington County Sheriff's Department deputies entered the Auleciems property "through the . . . closed gate without

permission, thus violating the Auleciems curtilage starting at the property gate and thus violating the Auleciems privacy rights." *Id.*

Around the same time, Plaintiffs learned that their "arrogant and busy body neighbors . . . who are ambulance chasing personal injury lawyers started to trespass on the Auleciems property and harass the Auleciems by calling the Washington County Sheriff on the Auleciems for removing snow, burning brush, and having guests at their home." *Id.* ¶ 29. Although the Plaintiffs filed a petition for a restraining order with the Tenth Judicial District of Minnesota, Judge Helen Maas "never heard or processed their restraining order petition on the neighbor, thus violating the Auleciems due process rights." *Id.*; *see also id.* ¶¶ 81–82 (referring to unadjudicated application for retraining order).

Plaintiffs allege that their home is one others "wish to utilize for their family get togethers and reunions[, so] Mr. Auleciems created an LLC to handle the leasing of the property and the Auleciems leased their home to guests for family get togethers in the summer of 2018." *Id.* ¶ 28. "However, [the Town] sued the Auleciems in Minnesota civil court claiming that the Auleciems were leasing their home illegally." *Id.* The case was heard by Washington County District Judge John Hoffman, who "issued a restraining order against the Auleciems to prevent the Auleciems from advertising their home for lease in any way and also preventing [them] from leasing their home in any way." *Id.* Judge Hoffman also authorized the Washington County Sheriff to "enter the Auleciems property at will and remove inhabitants if they so choose to enforce the court's injunction against the plaintiffs leasing their home." *Id.* These orders allegedly violated Plaintiffs'

constitutional rights to due process and equal protection. *Id.*; *see also id.* ¶¶ 50–80 (asserting claims based on Minnesota case number 82-CV-18-2962).

Further, Plaintiffs allege that Judge Hoffman entered an order authorizing the Plaintiffs to be jailed for violating the injunction and ordered the Plaintiffs to pay $250,000 in fines for leasing their home. *Id.* ¶ 30. Judge Hoffman's orders also required Plaintiffs to execute an "unlawful mortgage and promissory note . . . on their property to pay the unlawful . . . $250,000 fines[.]" *Id.*; *see also id.* ¶¶ 31–33. On appeal, the Minnesota Court of Appeals reversed and remanded the contempt orders. *Id.* ¶ 34. At some point after the case was remanded, Judge Hoffman retired and the case was assigned to Washington County District Judge Juanita Freeman. *Id.* Judge Freeman allegedly violated the Plaintiffs' due process rights by failing to rule on several motions Plaintiffs filed. *Id.* "Judge Freeman developed a bias[] against the Auleciems because Mr. Auleciems was a pro se litigant and because Mr. Auleciems would dare to question her." *Id.*

After the remand by the Court of Appeals, Defendants Washington County and Viet-Hanh Winchel, the attorney who handled the proceedings on behalf of the Town, and the Towhship's "board referred the renting activity to the Minnesota Department of Revenue to try and dig up some violations by the Auleciems of Minnesota Tax law." *Id.* ¶ 35. Plaintiffs allege that "without any probable cause, [Judge] Hoffman signed an unconstitutional, non specific, general search all search warrant for the Minnesota Department of Revenue to search the entire property. . . ." *Id.* After that, "12 people with long guns and dogs searched the [Plaintiffs'] entire home, [their] vehicles, removing all of [their] electronics, the home's barbecue, the children's dresser and underwear and

recreational vehicle." *Id.* Plaintiffs assert that these actions violated their Fourth Amendment rights. *Id.*

Following the search, the Minnesota Department of Revenue failed to conduct an audit and would not allow the Plaintiffs to contest any new tax liability. *Id.* ¶ 36. The Revenue Department allegedly "published untrue facts about the Auleciems and called [them] 'tax cheats' on its website." *Id.* These acts allegedly violated the Plaintiffs' due process rights because "Minnesota State law . . . allows a citizen to challenge any new tax liability to the Minnesota Tax Court before a new tax liability determination of the Department can become final." *Id.* "The Washington County attorney then charged Mr. Auleciems with 78 tax crimes all without following due and fair process." *Id.* ¶ 37. Mr. Auleciems was also charged with "theft by swindle for not returning some security deposits [to renters] when [Plaintiffs] rented their home," which also allegedly violated Plaintiffs' due process rights because failure to return a security deposit cannot be theft by swindle and the rental agreements allowed the LLC to withhold security deposits for damages to the property. *Id.* ¶ 38; *see also id.* ¶¶ 83–86 (Counts 23–97, 98, 102 of the Complaint referencing Minnesota case number 82-CR-21-2951).

Plaintiffs further allege that attorney Viet-Hanh Winchell, the West Lakeland Board, Kathy Boyko, and the Washington County Attorney "referred all of this to Mary Devine of the Pioneer Press newspaper." *Id.* ¶ 39. As a result, the Pioneer Press "published a defamatory untrue article about the Auleciems damaging the Auleciems reputation in the community." *Id.*; *see also id.* ¶¶ 87–90 (asserting defamation and constitutional claims based on Defendants' disclosures to the media).

Finally, Plaintiffs appear to allege that Judge Freeman violated their First Amendment rights in her handling of a civil suit for damages arising out of a car accident involving their daughter Estelle. *Id.* ¶¶ 93–94 (referencing Minnesota case number 82-CV-22-2752).

## II.     Plaintiffs' Prior State Litigation

As Plaintiffs' allegations demonstrate, their Complaint concerns several prior state cases, all of which have publicly available records that provide additional context for Plaintiffs' claims. Copies of state court filings can be found at https://publicaccess.courts.state.mn.us/.

### A.  Edina Realty Suits – Nos. 82-CV-16-2010 and 82-CV-21-3864

In May of 2016, Edina Realty filed a defamation suit against Mr. Auleciems and his company, Integrity in Real Estate. *Edina Realty, Inc. v. Auleciems, et al.*, No. 82-CV-16-2010, Index #2 (Wash. Cnty. Dist. Ct. May 5, 2016). In its complaint, Edina Realty alleged that Mr. Auleciems built high-end homes and used Edina Realty to list and sell those homes. *Id.* As a result of those interactions, Mr. Auleciems and Edina Realty had been sued on several occasions by the buyers of those homes, one of which resulted in Mr. Auleciems confessing judgment to a buyer in the amount of $500,000. *Id.* Mr. Auleciems then sued Edina Realty seeking contribution, but the suit was dismissed and Edina Realty received $25,000 in sanctions against him. *Id.* In response, Mr. Auleciems allegedly began sending communications to Edina Realty's existing and potential customers disparaging Edina Realty, including publicly stating that Edina Realty hires convicted felons and dangerous people as agents. *Id.* On May 13, 2016, Judge Miles granted Edina Realty's motion for a

temporary injunction, prohibiting Mr. Auleciems and his business from posting, mailing, or otherwise publishing statements about Edina Realty, Inc. or its agents until the court ordered otherwise. *Id.*, Index #17. The parties used a private mediator and eventually reached a settlement, which led to the entry of a permanent injunction on March 28, 2017, barring Mr. Auleciems from making further statements concerning Edina Realty or its agents. *Id.*, Index #85.

The peace achieved from the settlement was not to last, however. Less than a month after the entry of the agreed injunction, Edina Realty moved for sanctions against Mr. Auleciems for violating the injunction through various aliases. *Id.*, Index #88–89. After holding hearings in June, August, September, and October of 2017, Judge Miles entered an order granting Edina Realty's motion for sanctions, fining Mr. Auleciems $1,250 for civil contempt, and granting Edina Realty's requests for costs and fees. *Id.*, Index #147. The Minnesota Court of Appeals dismissed Mr. Auleciems' appeal on April 5, 2018, *id.*, Index #166, and Judge Miles entered judgment for Edina Realty on August 27, 2018, *id.*, Index #181. Mr. Auleciems did not appeal.

Plaintiffs sued Edina Realty in December 2021, alleging that Edina Realty improperly obtained a permanent injunction against them in the prior litigation and seeking to vacate the injunction along with damages and a declaratory judgment that Plaintiffs' statements about Edina Realty and its agents are protected speech under the First Amendment. *Auleciems, et al. v. Edina Realty*, No. 82-CV-21-3864, Index #9 (Wash. Cnty. Dist. Ct. Dec. 26, 2021). In April of 2022, Washington County District Judge Douglas Meslow granted Edina Realty's motions to dismiss and for sanctions. *Id.*, Index #36. The

Minnesota Court of Appeals affirmed. *Id.*, Index #50. Plaintiffs did not petition for further review by the Minnesota Supreme Court.

### B.  First West Lakeland Suit – No. 82-CV-18-2962

In June 2018, West Lakeland Township sued Plaintiffs to enjoin them from renting their property and from using it as an event venue and landscaping business. *Town of West Lakeland v. Auleciems, et al.*, No. 82-CV-18-2962, Index #1 (Wash. Cnty. Dist. Ct. June 25, 2018). On July 10, 2018, Washington County Judge John Hoffman granted the Town's motion for an ex parte temporary restraining order requiring Plaintiffs to stop renting or leasing their home and to remove all advertisements indicating that the property is available to rent or lease. *Id.*, Index #14. In a 49-page order on June 20, 2019, Judge Hoffman determined that Plaintiffs' use and advertisements of their home violated the Town's zoning ordinances and Plaintiffs had not obtained a permit to use the home for commercial purposes, found that the Town was entitled to a permanent injunction barring such uses and advertisements, and held Plaintiffs in civil contempt for violating the temporary injunction. *Id.*, Index #113. Judge Hoffman entered sanctions against Plaintiffs in the amount of $118,890. Plaintiffs appealed, but the Minnesota Court of Appeals affirmed, *id.*, Index #206, and the Minnesota Supreme Court denied Plaintiff's petition for further review, *id.*, Index #243.

On October 18, 2019, Judge Hoffman found that Plaintiffs continued to violate the temporary restraining order and failed to pay the previously ordered sanctions; consequently, Judge Hoffman imposed an additional $81,870 in sanctions and ordered Plaintiffs to pay the sanctions in full or to report to jail for a 180-day sentence. *Id.*, Index

#155. Plaintiffs appealed this $81,870 sanction and in January of 2021, the Court of Appeals reversed the district court, finding that the sanctions were effectively criminal contempt sanctions that did not satisfy required procedures. *Id.*, Index #248. The Court of Appeals also held that the June 2019 Order imposing the $118,890 sanction was binding. *Id.*

On March 24, 2020, Judge Hoffman found that Plaintiffs had failed to pay the amounts owed for the sanctions previously imposed. *Id.*, Index #212. The Court ordered Plaintiffs to execute a promissory note in favor of the Town secured by a mortgage on one of Plaintiffs' properties. *Id.* Plaintiffs did not appeal this order and executed a second mortgage as ordered by the Court. *Id.*, Index #239.

On December 23, 2021, the case was reassigned to Washington County District Judge Juanita Freeman. *Id.*, Index #256. On June 20, 2022, Judge Freeman found that Plaintiffs had resumed advertising the property for short-term rental and they owed $154,276.07 in unpaid fines, sanctions, and fees. *Id.*, Index #273. Judge Freeman directed entry of judgment against the Plaintiffs in that amount. *Id.* The Court of Appeals affirmed on December 22, 2022. *Id.*, Index #292. Plaintiffs did not seek further review from the Minnesota Supreme Court.

### C. Second West Lakeland Suit – No. 82-CV-21-1032

On March 18, 2021, after Plaintiffs failed to make payments under the promissory notes they executed, West Lakeland Township filed a suit against Plaintiffs for breach of contract, foreclosure on the mortgage, and unjust enrichment. *Town of West Lakeland v. Auleciems, et al.*, No. 82-CV-21-1032, Index #1 (Wash. Cnty. Dist. Ct. Mar. 18, 2021).

The case was assigned to Judge Freeman. Plaintiffs filed counterclaims alleging that the injunctions in Case No. 82-CV-18-2962 were unconstitutional, including alleged violations of their rights to due process and equal protection and their Fourth Amendment rights. *Id.*, Index #16. Plaintiffs also asserted claims against Viet-Hanh Winchel, Galowitz Olson PLLC, Dan Kyllo, Dave Schultz, Marian Appelt, Steve Ebner, Washington County, Dan Starry, Washington County Sheriff, and Judge Hoffman. *Id.* Judge Freeman granted the Town's motion for summary judgment on Plaintiffs' counterclaims on August 9, 2022. *Id.*, Index #65. On April 5, 2023, Judge Freeman granted the Town's request to dismiss its own claims without prejudice. *Id.*, Index #74.

### D. Criminal Case – No. 82-CR-21-2951

In August of 2021, Karl Auleciems was charged with seventy-five felony counts of tax offenses—including, failure to collect and remit sales tax and filing fraudulent or false tax returns—and theft by swindle in connection with the leasing or renting of his home. *State of Minnesota v. Auleciems*, No. 82-CR-21-2951, Index #1 (Wash. Cnty. Dist. Ct. Aug. 30, 2021). Mr. Auleciems moved to dismiss the complaint, but the court found probable cause for seventy-four of the seventy-five counts. *Id.*, Index #67. The court also rejected Mr. Auleciems' arguments that (1) the tax counts should be dismissed based on alleged violations of his due process rights because the Department of Revenue failed to conduct an audit or pursue the matter first through tax court; and (2) that theft by swindle could not be charged for failure to return security deposits. *Id.* The State amended its criminal complaint and charged Mr. Auleciems with nineteen felony counts of state tax code violations, and two felony counts of theft by swindle. *Id.*, Index #111. The case went to

11

trial and a jury convicted Mr. Auleciems of fourteen tax felonies and two felony counts of theft by swindle. *Id.*, Index #116. The court also granted a motion for judgment of acquittal on two of the sixteen felony convictions. *Id.*, Index #129. Mr. Auleciems received concurrent sentences of between twelve and twenty-seven months for each of the fourteen felony convictions, with all but 97 days stayed for a period of five years. *Id.*, Index #160. Mr. Auleciems filed an appeal on March 11, 2024. *Id.*, Index #162. As of the date of this Order, that appeal remains pending.

### E.  Defamation Case – No. 62-CV-23-4372

On August 18, 2023, Mr. Auleciems filed a complaint against the Pioneer Press newspaper and related media defendants, the Minnesota Department of Revenue, Paul Marquart, Cathy Boyko, West Lakeland Township, Dave Schultz, Dan Kyllo, Mariane Appelt, Steve Ebner, and Viet-Hanh Winchell asserting claims for defamation, a "defamation conspiracy," intentional infliction of emotional distress, slander of title, and harassment preventing the peaceful enjoyment of property. *Auleciems v. Pioneer Press, et al.*, No. 62-CV-23-4372, Index #1 (Wash. Cnty. Dist. Ct. Aug. 18, 2023). This Court has carefully compared the Complaint in this matter and the complaint in the Pioneer Press case and they contain essentially the same allegations with several nearly identical paragraphs. Mr. Auleciems filed this federal case on May 7, 2024, while motions for summary judgment and for dismissal were pending in the Pioneer Press case. On June 28, 2024, the state court granted the defendants' motions to dismiss and for summary judgment and entered judgment against Mr. Auleciems. *Id.*, Index #55–57. The state court found Mr. Auleciems' claims against the government defendants were time-barred and that the

government defendants had official immunity for their alleged conduct. *Id.*, Index #55. Judgment was entered on June 28, 2024, and Mr. Auleciems has not filed any appeal. *See* Minn. R. App. P. 104.01, subd. 1 (providing that an "appeal may be taken from a judgment within 60 days after its entry").

### F.  Auto Accident Case – No. 82-CV-22-2752

On June 22, 2022, Plaintiffs filed a lawsuit seeking damages in connection with a car accident that allegedly injured one of their children against defendants with the last name Smith. *Auleciems, et al. v. Smith, et al.*, No. 82-CV-22-2752, Index #1 (Wash. Cnty. Dist. Ct. June 22, 2022). On March 8, 2023, the court granted the Smiths' motion for Rule 11 sanctions, declared Susanne Auleciems a frivolous litigant and required her to provide $5,000 as a security before filing any further action regarding the accident, and dismissed Plaintiffs' claims with prejudice. *Id.*, Index #27. The court noted that Ms. Auleciems had previously brought an action against the same defendants regarding the same incident in Case No. 82-CV-22-684, in which Judge Freeman granted the defendants' motion for summary judgment and dismissed all of Ms. Auleciems' claims with prejudice. *Id.* The court held that Plaintiffs' claims in the newer suit were barred by res judicata. *Id.* On January 8, 2024, the Court of Appeals affirmed the judgment and rejected the Auleciems' argument that the trial court erred in dismissing their claims on grounds of res judicata. *Id.*, Index #44.

## III.    Susanne Auleciems' Motion to Dismiss

As noted above, the Complaint in this case lists both Karl and Susanne Auleciems as Plaintiffs. However, on November 4, 2024, Ms. Auleciems filed a motion to dismiss

seeking to have herself dismissed from the litigation. ECF 47. She asserts that "she neither signed her name to the pleadings nor did she consent to being included as a plaintiff"; "she had no knowledge of her being included as a party"; "she opposes her involvement in the above case"; and "her signature was signed by Karl Auleciems without her knowledge or consent." *Id.*

## DISCUSSION

In their motions to dismiss, several groups of Defendants seek to have this case dismissed on a variety of grounds. Based on a review of the Complaint and the prior state court litigation in which Plaintiffs were litigants, the Court finds that dismissal of this case is required for several independent reasons. Accordingly, Defendants' motions are granted and this action is dismissed.

## I.    Legal Standard

### A. Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This standard does not require the inclusion of "detailed factual allegations" in a pleading, but the complaint must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In applying this standard, the Court must assume the facts in the complaint to be true and take all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton*

14

*v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *see Waters v. Madson*, 921 F.3d 725, 734 (8th Cir. 2019). But the Court need not accept as true any wholly conclusory allegations or legal conclusions that the plaintiff draws from the facts pled. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019).

Courts construe pro se complaints, like the Complaint in this case, liberally. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). This means that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even under this liberal standard, pro se plaintiffs are still required to allege sufficient facts in support of the claims they assert. *Stone*, 364 F.3d at 914.

On a Rule 12(b)(6) motion, courts generally disregard "matters outside the pleadings," though they "may consider those materials that are necessarily embraced by the pleadings" such as "documents whose contents are alleged in a complaint and whose authenticity no party questions." *Hughes v. City of Cedar Rapids, Iowa*, 840 F.3d 987, 998 (8th Cir. 2016) (cleaned up); *see also* Fed. R. Civ. P. 12(d); *Hageman v. Barton*, 817 F.3d 611, 620 n.8 (8th Cir. 2016) (including "matters of public record" among the materials courts may consider on a Rule 12(b)(6) motion).

### B. Lack of Jurisdiction

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), courts must "consider whether a party is asserting a 'facial attack' or a 'factual attack' on jurisdiction." *Smith v. UnitedHealth Group Inc.*, 106 F.4th 809, 812 (8th Cir. 2024) (citing

*Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016)). If the challenge is facial, courts consider the allegations in the pleadings and the plaintiff receives the same protections as he would on a motion for failure to state a claim under Rule 12(b)(6). *Id.* Here, although Defendants' jurisdictional challenges reference materials outside the pleadings, those materials all consist of state court records that are appropriate for consideration on a motion to dismiss. Accordingly, the Court finds that Defendants have raised a facial attack on jurisdiction.

## II.    Sovereign Immunity

First, the Court agrees with the State Defendants that all claims against the Minnesota Department of Revenue and the Tenth Judicial Branch are barred by the doctrine of sovereign immunity. "Under the Eleventh Amendment, the State of Minnesota and its agencies . . . are immune from suit in federal court unless the State has consented to be sued or Congress has expressly abrogated the State's immunity." *Hummel v. Minn. Dep't of Agric.*, 430 F. Supp. 3d 581, 587 (D. Minn. 2020). Accordingly, all claims against Minnesota Department of Revenue and the Tenth Judicial Branch are dismissed without prejudice.

Second, the Court finds that all official-capacity claims against the State Defendants for damages must be dismissed for lack of subject-matter jurisdiction. *Id.* ("The Eleventh Amendment also bars claims seeking damages from State officials sued in their official capacities."). The Complaint asserts both individual and official-capacity claims against Chief Judge Stoney Hiljus, Judge John Hoffman, Judge Helen Maas, Judge Susan Miles, Judge Juanita Freeman, Department of Revenue Commissioner Paul Marquart, and

Department of Revenue Investigator Kathy Boyko. This Court lacks subject-matter jurisdiction over the official-capacity claims for damages against these officials. *See id.*

## III.    Claims Relating to Mr. Auleciems Criminal Case

Several of the claims in the Complaint directly implicate the criminal case against Mr. Auleciems, and the Court finds that these claims must be dismissed. In Counts 21 and 23 through 98, the Complaint claims violations of Mr. Auleciems' rights of due process and equal protection in connection with the tax charges in his criminal case. Plaintiff seeks both damages and declaratory and injunctive relief. Compl., Prayer for Relief ¶¶ e, h. As explained below, these claims are dismissed.

### A. *Younger* Abstention

Under *Younger v. Harris*, 401 U.S. 37 (1971), "federal courts may not enjoin state court criminal proceedings except in very unusual situations," and the "doctrine has since been expanded to prohibit federal courts from interfering in certain pending state civil cases." *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 603–07 (1975). Courts in the Eighth Circuit apply a three-step analysis to determine whether to apply *Younger* abstention in a given case:

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the "*Middlesex*" factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies?

*Wassef v. Tibben*, 68 F.4th 1083, 1086 (8th Cir. 2023) (quoting *375 Slane Chapel Rd., LLC v. Stone Cnty. Missouri*, 53 F.4th 1122, 1127 (8th Cir. 2022)).

Here, *Younger* abstention is appropriate for the claims in the Complaint relating to Mr. Auleciems' criminal case. First, Mr. Auleciems' ongoing criminal proceedings are paradigmatic state-court proceedings in which *Younger* abstention is advisable. *See, e.g.*, *Spring Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (discussing *Younger*); *Wassef*, 68 F.4th at 1086 (same). Second, although courts typically use the so-called *Middlesex* factors to determine whether *Younger* abstention should be applied in a civil proceeding, *see Wassef*, 68 F.4th 1087, they would also support application of the doctrine here. The criminal case against Mr. Auleciems is ongoing because his appeal remains pending, it implicates important state interests because it involves application and alleged violations of Minnesota's tax and criminal codes, and Mr. Auleciems has every opportunity in those proceedings to raise the federal challenges he seeks to assert through his claims in this case. *See id.* (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432–35 (1982)). Finally, no exception to *Younger* abstention applies. There are no plausible allegations in the Complaint showing that "the pending state action was brought in bad faith or for the purpose of [harassment]," or that any other "extraordinary circumstances" exist here that would make applying *Younger* abstention inappropriate. *Trainor v. Hernandez*, 431 U.S. 434, 446–47 (1977); *see also, e.g.*, *Juidice v. Vail*, 430 U.S. 327, 338 (1977) (noting *Younger*-abstention exception where "state proceeding is motivated by a desire to harass or is conducted in bad faith" (quoting *Huffman*, 420 U.S. at 611)).

Accordingly, to the extent Counts 23 through 98 seek injunctive relief, they will be dismissed without prejudice for lack of jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) (citing *Growe v. Emison*, 507 U.S. 25, 32 (1993)); *Yamaha Motor Corp., U.S.A. v. Stroud*, 179 F.3d 598, 603 (8th Cir. 1999).

**B.  *Heck v. Humphrey***

The Court also finds that Mr. Auleciems' claims asserted in Counts 21 and 23 through 98 are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a § 1983 claim "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," is not cognizable under § 1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been invalidated. *Id.* at 486–87. An action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). Mr. Auleciems' claims related to his state criminal charges, including those seeking damages, plainly seek to invalidate his conviction. His claims question the legitimacy of his criminal conviction and a finding that the charges against him were unlawful would necessarily demonstrate the invalidity of his conviction. But his conviction has not already been invalidated. Therefore, the Court dismisses his damages claims under Counts 23 through 98.

IV.    **Res Judicata**

The claims asserted in many of the remaining Counts of the Complaint—Counts 1–3, 5–20, and 100–101—are also subject to dismissal because Plaintiffs seek to relitigate claims that have been finally resolved against them in prior litigation. "The law of the forum that rendered the first judgment controls the res judicata analysis." *Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) (quoting *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.,* 539 F.3d 809, 821 (8th Cir. 2008)).

> Under Minnesota law, the disposition of an earlier claim constitutes a *res judicata* bar against the litigation of a subsequent claim where (1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; and (4) the estopped party had a full and fair opportunity to litigate the matter.

*Id.* (quoting *Hauschildt v. Beckingham,* 686 N.W.2d 829, 840 (Minn. 2004)) (cleaned up).

In Count 1 of the current Complaint, Plaintiffs assert that their First Amendment rights were violated because of the injunction entered by Judge Miles barring Plaintiffs from publishing statements about Edina Realty. Judge Miles entered that injunction in Case No. 82-CV-16-2010, and Plaintiffs subsequently brought a claim alleging that the injunction violated their First Amendment rights in Case No. 82-cv-21-3864. The district court in Case No. 82-cv-21-3864 dismissed that claim and the dismissal was affirmed on appeal. Res judicata precludes relitigation of that claim in this suit.

Plaintiffs previously litigated their due process and equal protection claims in Counts 2 and 3, which concern the lawfulness of their snow-removal activities, in Case No. 82-cv-21-1092, and the state court dismissed those claims with prejudice. The state court

in that same litigation also dismissed claims identical to those raised in Counts 5 and 6 of the current Complaint. *Compare* Compl. ¶¶ 46–49, *with* Seavey Decl., Ex. 9 at 5, 7; Seavey Decl., Ex. 13 (dismissing identical claims). Plaintiffs also previously raised the same intentional infliction of emotional distress claim they assert in Count 100 of their current Complaint in Case. No. 82-cv-21-1092. The state court dismissed that claim with prejudice. *Compare* Compl. ¶ 92, *with* Seavey Decl., Ex. 9 at 6; Seavey Decl., Ex. 13 at 6. Plaintiffs cannot use this litigation to obtain a different result.

Counts 7 through 20 of the current Complaint are also identical to claims Plaintiffs previously raised in state court litigation that were resolved against them through final judgments. All these claims involve the state-court injunction prohibiting the Plaintiffs from leasing or advertising their home, the arrest warrants, and the promissory note in Case No. 82-CV-18-2962.

In Count 101, Plaintiffs allege that their First Amendment right to petition the government for redress of grievances has been violated by Washington County and Judge Juanita Freeman because of the dismissal of a lawsuit involving an automobile accident— Case No. 82-CV-22-2752. As explained above, Ms. Auleciems first sought to litigate claims arising out of that accident in Case No. 82-CV-22-684, which was dismissed and for which she was sanctioned as a frivolous litigant. Then, when Plaintiffs sought to relitigate those claims in Case No. 82-CV-22-2752, the state court dismissed those claims on res judicata grounds. Plaintiffs cannot avoid the res judicata bar by refiling those claims in federal court.

Each of these claims satisfies all four of these elements for application of the res judicata bar. The same claims were raised or could have been raised in earlier state court litigation. The earlier litigation involved the same parties and resulted in final judgments against Plaintiffs, and Plaintiffs had a full and fair opportunity to litigate their claims in prior state cases. Therefore, the doctrine precludes them from being raised again.

## V.    Failure to State a Claim

Plaintiffs have also failed to state a claim in other respects. The Court finds that Plaintiffs have failed to state a claim for relief against the state court judges that have been named as defendants. "[A] judge enjoys absolute immunity from suit, including a suit brought under § 1983, unless the judge's actions fall outside of the judge's official judicial capacity, or the actions are taken in the complete absence of all jurisdiction." *Siruk v. Minn.*, No. 20-cv-2667 (SRN/ECW), 2021 WL 2323146, at *4 (D. Minn. Feb. 5, 2021) (citing *Woodworth v. Hulshof*, 891 F.3d 1083, 1090–91 (8th Cir. 2018)), *report and recommendation adopted*, No. 20-cv-2667 (SRN/ECW), 2021 WL 2155769 (D. Minn. May 27, 2021). The allegations in the Complaint show that Plaintiffs are asserting claims against all of the state judge defendants for actions taken in the judges' roles as judicial officers and within their jurisdiction, and these claims fail for this reason.

In addition, the Court finds, pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), that Plaintiffs have failed to state a claim against Washington County, the Town of West Lakeland, and county and township officials in their official capacities because the Complaint does not allege the existence of any county or municipal policy that was the moving force behind any constitutional violation. *See Mettler v. Whitledge*, 165

F.3d 1197, 1204 (8th Cir. 1999) ("For a municipality to be liable, a plaintiff must prove that a municipal policy or custom was the moving force behind the constitutional violation.") (cleaned up).

The claims in Plaintiffs' current Complaint not already addressed above are found in Counts 4, 22, and 102. In Count 4, Plaintiffs allege that their rights to due process and equal protection were violated when the West Lakeland Township Board denied Plaintiffs a brush burning permit in June of 2018, which required Plaintiffs to go to the Bayport fire chief to obtain a permit. In Count 22 Plaintiffs allege that their First Amendment right to petition the government for redress of grievances was violated by Washington County and Washington County District Court Judge Helen Maas due to a failure to adjudicated Plaintiffs' petition for a harassment restraining order against their neighbors. Lastly, in Count 102, the Complaint alleges a Second Amendment violation because of an order in Mr. Auleciems' criminal case prohibiting Plaintiffs from having firearms in their home.

The Court finds that the Complaint does not allege facts stating a claim for relief with respect to Counts 4, 22, or 102, and therefore, they are dismissed. The Complaint contains no allegations demonstrating that the Plaintiffs' procedural or substantive due process rights or their rights to equal protection were violated in connection with their efforts to obtain a burning permit. For example, Plaintiffs do not allege any facts showing that they were denied notice and an opportunity to respond when they sought a permit, *see Mathews v. Eldridge*, 424 U.S. 319, 333 (1976), nor do they allege they were treated differently from any other person because of a suspect classification, *see Gilmore v. Cnty. of Douglas, State of Neb.*, 406 F.3d 935, 937 (8th Cir. 2005). Plaintiffs allege no facts

23

showing that their First Amendment rights were violated in connection with the filing of a petition for a harassment restraining order, only that an application was not adjudicated.[2] Finally, with respect to Count 102, the Court notes that numerous courts have upheld prohibitions on possession of firearms by those, like Mr. Auleciems, who have been convicted of a felony offense. *E.g.*, *United States v. Jackson*, 110 F.4th 1120, 1125–29 (8th Cir. 2024).

For these reasons, the Court dismisses Counts 4, 22, and 102 pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## VI.    Susanne Auleciems Motion to Dismiss

On November 4, 2024, Susanne Auleciems filed a motion to dismiss. ECF 47. Ms. Auleciems asserts that she should not have been joined as a plaintiff in this case. She alleges (1) "she neither signed her name to the pleadings nor did she consent to being included as a plaintiff"; (2) "she had no knowledge of her being included as a party"; (3) "she opposes her involvement in [this] case"; and (4) "her signature was signed by Karl Auleciems without her knowledge or consent." *Id.* The Court construes Ms. Auleciems' motion as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a), and her request to be dismissed from the suit is granted.

---

[2] The Court notes that it has not located a public record indicating that such an application for a harassment restraining order was filed by Plaintiffs, but that does not bear on the Court's conclusion about the Complaint's failure to state a claim.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1.      Defendants' motions to dismiss (ECF 4, 13, 31, 41) are **GRANTED**.

2.      Plaintiff Susanne Auleciems' Motion to Dismiss (ECF 47) is **GRANTED**. Susanne Auleciems is **DISMISSED** from this action.

3.      All claims against the Minnesota Department of Revenue and the Tenth Judicial District and all official-capacity claims for damages against the State Defendants are **DISMISSED WITHOUT PREJUDICE** based on sovereign immunity.

4.      Counts 21 and 23–98 of the Complaint are **DISMISSED WITHOUT PREJUDICE**.

5.      Counts 1–3, 5–20, and 100–101 of the Complaint are **DISMISSED WITH PREJUDICE** because they are barred by the doctrine of res judicata.

6.      All claims against Defendants Township of West Lakeland, MN, and Washington County Minnesota, as well as official-capacity claims against the municipal and county officers are **DISMISSED** for failure to state a *Monell* claim.

7.      All claims against Defendant Judges Stoney J. Hiljus, John Hofman, Susan Miles, Juanita Freeman and Helen Maas are **DISMISSED WITH PREJUDICE** for failure to state a claim based on absolute judicial immunity.

8.      Counts 4, 22, and 102 of the Complaint are **DISMISSED** for failure to state a claim.

**Let Judgment be entered accordingly.**

Date: February 14, 2025                    *s/Katherine Menendez*
                                           Katherine Menendez
                                           United States District Judge